**James KYLE, Plaintiff,**

v.

**Lt. ALLEN, Deputy George Hernandez, Sgt. Maddison, and Captain Witkowski, Defendants.**

**No. 89–10090–CIV.**

United States District Court, S.D. Florida.

March 8, 1990.

James Kyle, pro se.

## ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS; ORDER REJECTING MARGISTRATE'S REPORT AND RECOMMENDATION

JAMES LAWRENCE KING, Chief Judge.

Plaintiff James Kyle, a pretrial detainee confined at the Monroe County Jail, has filed a civil rights suit against defendants under Title 42 U.S.C. § 1983, and petitioned the court to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

Plaintiff alleges several instances of mistreatment. According to plaintiff, Officer Hernandez used excessive force on him without provocation. In addition, plaintiff claims that he was moved to isolation without cause. His physical well-being was allegedly threatened by being isolated with insane inmates. The guards purportedly made the situation more threatening by inciting the insane inmates to behave violently. Plaintiff claims that his health was threatened by the poor sanitary conditions at the jail: cells infested with roaches; leaky toilets; food left on the floor; denial of permission to clean cell; blood on cell walls; no ventilation; bad odors; inmates with contagious diseases housed with other inmates. Plaintiff also alleges that he was forced to take medication without prior examination. The medication caused him to be depressed, paranoid and suicidal. He was denied prompt medical treatment for his ailments. He did not receive a special diet for his ulcer. Plaintiff contends that these conditions constitute cruel and unusual punishment. The complaint was referred to Magistrate Sorrentino who recommended that the suit be dismissed pursuant to 28 U.S.C. § 1915(d).

### Applicable Law

Prisoner suits are generally viewed with skepticism. *See Taylor v. Gibson,* 529 F.2d 709, 713 (5th Cir.1976). However, this Circuit has previously cautioned that: "judges must balance their misgivings and skepticism about the usual § 1983 prisoner suit against the cold knowledge that in certain instances injustices to prisoners occur in jails and prisons, some of which violate constitutional mandates." *Id.* In these institutions, practices are sometimes "uncovered shocking even to those most unsympathetic to prisoner rights." *Id.* In such instances, § 1983 "offers the only practical remedy available to the prisoner in such a system." *Taylor,* 529 F.2d at 713. Moveover, "it is the responsibility of the courts to be sensitive to possible abuses in order to ensure that prisoner[s'] complaints, particularly *pro se* complaints, are not dismissed prematurely, however unlikely the set of facts postulated." *Id.* The court should provide the prisoner with an opportunity "to develop his case at least to the point where any merit it contains is brought to light." *Id.*

"Conditions of confinement can constitute cruel and unusual punishment exactly because the conditions that offenders are subjected to are part of the penalty that they pay for their crimes." *Whitley v. Albers,* 475 U.S. 312, 106 S.Ct. 1078, 1084, 89 L.Ed.2d 251 (1986). In determining whether these conditions are constitutionally vulnerable, "the court must recognize that 'alone or in combination' prison conditions can 'deprive inmates of the minimal civilized measure of life's necessities.'" *Nilsson v. Coughlin,* 670 F.Supp. 1186, 1189 (S.D.N.Y.1987) (citing *Rhodes v. Chapman,* 452 U.S. 337, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981)). As emphasized by Justice Brennan, a court is required to examine "the totality of the circumstances," which is to say, "[e]ven if no single condition of confinement would be unconstitutional in itself, 'exposure to the cumulative effect of prison conditions may subject inmates to cruel and unusual punishment.'" *Id.* at 363, 101 S.Ct. at 2407 (Brennan, J., concurring) (quoting *Laaman v. Helgemoe,* 437 F.Supp. 269, 322–23 (D.N.H.1977)). *See also Mitchell v. Cuomo,* 748 F.2d 804, 806–07 (2d Cir.1984) ("cumulative impact of

conditions of incarceration"); *Lareau v. Manson,* 651 F.2d 96, 107 (2d Cir.1981) ("It is the totality which the Constitution regulates.").

Because "the nature of the inquiry demanded in a 'totality of the conditions' action is complicated ... and the constitutional issues particularly delicate," *Nilsson, supra,* 670 F.Supp. at 1189, the court must not fail to make the appropriate inquiry when faced with a complaint implicating the eighth amendment. Moreover, "[w]hile the Eighth Amendment reflects 'the evolving standards of decency that mark the progress of a maturing society' it cannot appear to be merely the subjective view of judges." *Id.* (quoting *Rhodes, supra,* 452 U.S. at 346, 101 S.Ct. at 2399).

Coupled with the above guidelines, the court must take into consideration that "*[p]ro se* prisoner[s'] complaints, must be read in a liberal fashion and should not be dismissed unless it appears beyond a reasonable doubt that the prisoner could prove no set of facts under which he would be entitled to relief." *See Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Therefore, the court should evaluate a *pro se* prisoner's complaint by "less stringent standards than formal pleadings drafted by lawyers." *Taylor v. Gibson, supra,* 529 F.2d at 714 (quoting *Haines supra,* 404 U.S. at 520, 92 S.Ct. at 596.) "This liberal reading of prisoner[s'] complaints extends necessarily to matters of both law and fact. Allowing the benefit of the doubt to a *pro se* prisoner['s] complaint." *Id.*

### Totality of Conditions

Viewing the allegations in the light most favorable to plaintiff, as the court must, there are grounds at this stage to find that plaintiff's allegations establish a possible eighth amendment violation.

■ In *Campbell v. Beto,* 460 F.2d 765 (5th Cir.1972), the court stated that: "the deprivation of basic elements of hygiene has consistently been held violative of constitutional guarantees." Here, plaintiff tells a story of overflowing toilets, spoilt food on the cell floors, denial of permission to clean his cell, blood on walls, no ventilation and bad odors in cell. These conditions, if true, establish deprivation of basic hygiene, which is constitutionally prohibited. *See, e.g., Holt v. Sarver,* 300 F.Supp. 825 (E.D.Ark.1969) (isolation cells dirty and unsanitary, pervaded with bad odors, plain cotton mattresses uncovered and dirty; conducive to spreading, and did spread, infectious diseases); *Jordan v. Fitzharris,* 257 F.Supp. 674 (N.D.Cal.1966) (cells not cleaned regularly, prisoner had no means to clean himself, no flushing mechanism); *Nilsson v. Coughlin, supra,* 670 F.Supp. 1186 (inmates allowed to use eating implements not properly cleaned; no sanitary safeguards to protect against communicable diseases).

■ The deprivation of basic elements of adequate medical treatment has also been said to be constitutionally vulnerable. *See Campbell v. Beto, supra,* 460 F.2d 765. Here, plaintiff also tells a story of inadequate medical treatment at the Monroe County Jail. He alleged that he was not promptly taken to a medical doctor. He was given medication without an examination. The medication caused him to be depressed, disoriented, paranoid and suicidal. Upon refusal to take the medication, he was threatened. In addition, he did not receive the proper diet for his ulcer condition. These allegations, if true, evince a deprivation of the basic elements of adequate medical treatment, and would be constitutionally vulnerable. *See id.* (denial of medication); *Nilsson v. Coughlin, supra,* 670 F.Supp. 1186 ("inmates with chronic medical and dental problems are denied appropriate treatment and monitoring").

■ The court recognizes that many *pro se* lawsuits by prisoners are frivolous. However, the court cannot and will not ignore prison conditions which present grave and immediate threat to prisoners' health and physical well being. The court believes that plaintiff has alleged serious charges of poor conditions at the Monroe County Jail which, if sufficiently developed, may constitute a constitutional violation. Accordingly, the court

ORDERS and ADJUDGES that plaintiff James Kyle's motion to proceed *in forma pauperis* is hereby GRANTED. The court further

ORDERS and ADJUDGES that Magistrate Sorrentino's report and recommendation is hereby REJECTED, and plaintiff may go forward with his case.

Done and ordered.